BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DENISE M. OKI (CABN 311212)
Special Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102-3495
   Telephone: (415) 436-7196
   FAX: (415) 436-7234
   Email: Denise.Oki@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LILLIAN HOVAN,<br><br>    Defendant. | CASE NO.: 3:17-cr-00378-RS-2<br><br>[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |

On July 13, 2017, an Indictment was filed in the Northern District of California charging Defendant Lillian Hovan with one count of violating Title 21, United States Code, Section 846 – Conspiracy to Distribute Methamphetamine and one count of violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) – Distribution of a Controlled Substance, to wit: Methamphetamine. On August 9, 2017, Defendant appeared before this Court for arraignment on the Indictment. On August 14, 2017, Defendant appeared before this Court for identification of counsel and detention hearing. Defendant was represented by Dejan Gantar, on behalf of Ethan Balogh. Special Assistant United States Attorney Denise Oki represented the United States. The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
17-378 RS

of the community.  Pretrial Services submitted a report recommending detention, on grounds of both the Defendant's risk of non-appearance and danger to the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and finds, by a preponderance of the evidence that no combination of conditions will reasonably assure Defendant's appearance. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community.  First, in considering the Defendant's risk of flight, there have been eight bench warrants issued for the Defendant's non-appearance in court since 2003.  Four of those eight bench warrants were issued by Federal Magistrate Judges presiding over case, *United States v. Lillian Graham*, case number 03-CR-148.  Further, the Defendant absconded while under federal supervision resulting from that case.  Second, in considering the danger to the community posed by the Defendant's release, the Defendant has been conviction of five felonies since 2006, some convictions dealing with controlled substances while other convictions relate to other conduct.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

Dated: August 16, 2017

HON. JOSEPH C. SPERO
Chief Magistrate Judge